01

02

03

04

05

06                               UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
07                                      AT SEATTLE

08   UNITED STATES OF AMERICA,            )    CASE NO. MJ 07-382
                                          )
09           Plaintiff,                   )
                                          )
10           v.                           )
                                          )    DETENTION ORDER
11   JOSEPH A. JIMICUM, JR.,              )
                                          )
12           Defendant.                   )
                                          )
     _____     )
13

14   <u>Offense charged</u>:      Aggravated Sexual Abuse (3 counts)

15   <u>Date of Detention Hearing</u>:    August 17, 2007

16          The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and

17   based upon the factual findings and statement of reasons for detention hereafter set forth, finds

18   that no condition or combination of conditions which defendant can meet will reasonably assure

19   the appearance of defendant as required and the safety of other persons and the community.

20          <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

21          1.      Defendant has been charged with an offense involving a victim under the age of 18

22   under 18 U.S.C. § 2241.  There is therefore a rebuttable presumption against defendant as to both

01  dangerousness and flight risk, under 18 U.S.C. §3142(e).

02       2.       Defendant's criminal history includes failures to appear resulting in bench warrants,

03  as well as failures to report to serve his sentence, although the most recent of these is 1998.  He

04  is associated with an alias name and three dates of birth.  His residential history is sporadic, he is

05  unemployed, and has a history of controlled substance abuse.  Despite the efforts of Pretrial

06  Services, an adequate residential placement was not able to be identified that would satisfy the risk

07  of danger to other persons and to the community.

08       3.       Taken as a whole, the record does not effectively rebut the presumption that no

09  condition or combination of conditions will reasonably assure the appearance of the defendant as

10  required and the safety of the community.

11  It is therefore ORDERED:

12       (1)       Defendant shall be detained pending trial and committed to the custody of the

13                 Attorney General for confinement in a correction facility separate, to the extent

14                 practicable, from persons awaiting or serving sentences or being held in custody

15                 pending appeal;

16       (2)       Defendant shall be afforded reasonable opportunity for private consultation with

17                 counsel;

18       (3)       On order of a court of the United States or on request of an attorney for the

19                 Government, the person in charge of the corrections facility in which defendant is

20                 confined shall deliver the defendant to a United States Marshal for the purpose of

21                 an appearance in connection with a court proceeding; and

22       (4)       The clerk shall direct copies of this Order to counsel for the United States, to

DETENTION ORDER                                                                    15.13
18 U.S.C. § 3142(i)                                                            Rev. 1/91
PAGE 2

01          counsel for the defendant, to the United States Marshal, and to the United States

02          Pretrial Services Officer.

03     DATED this 17th day of August, 2007.

04

05                                    _____
                                      Mary Alice Theiler
                                      United States Magistrate Judge
06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

DETENTION ORDER                                                          15.13
18 U.S.C. § 3142(i)                                                  Rev. 1/91
PAGE 3